IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| **MICHAEL AHRENS,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | **CIVIL ACTION NO. 5:20-cv-00126** |
| § | |
| § | **JURY DEMANDED** |
| § | |
| **CITY OF MT. PLEASANT, TEXAS** § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Michael Ahrens hereby files this, his Original Complaint, against Defendant City of Mt. Pleasant, Texas for violating federal law. The causes of action and summary of claims relating thereto are addressed below:

### I.  PARTIES, JURISDICTION AND VENUE

1. Plaintiff Michael Ahrens ("Plaintiff" or "Ahrens") is currently a citizen and resident of Friendswood, Texas.

2. Defendant City of Mt. Pleasant, Texas ("The City" or "Defendant") is a Texas municipality. Defendant's main offices are located at 501 N. Madison, Mount Pleasant, TX 75455. Defendant City of Mt. Pleasant, Texas will be served by and through the city manager, Ed Thatcher at the city office address listed.

3. This court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343. Venue exists in this district and division as detailed in 28 U.S.C. §1391.

4. The acts alleged herein occurred in Titus County, Texas.

## II.     ADMINISTRATIVE REMEDIES EXHAUSTED

5.     Plaintiff timely filed a charge with the EEOC alleging violations of the ADA by the City. Prior to institution of this lawsuit, the EEOC issued a right to sue letter less than 90 days prior to the filing of this Complaint. All conditions precedent to the institution of this lawsuit have been fulfilled.

## III.     FACTUAL BACKGROUND

6.     Plaintiff served as the City Manager of Mount Pleasant, Texas from January 2009 until he was terminated by the City Council on July 2, 2019. Under the City of Mount Pleasant Charter and the Mount Pleasant Personnel Policy, the City Manager is designated as the Chief Administrative Officer of the City Government. The City Manager reports to the Mayor and City Council when meeting as a body, but not as individual members. The City Manager is responsible for the proper administration of all affairs of the City, including the supervision of all City employees. Under the City Charter and Personnel Policies, the City Council is to deal with the administrative service solely through the City Manager.

7.     On June 19, 2019, Plaintiff informed City Council members, by email, that he had been diagnosed with cancer and would be receiving extended treatments and/ or surgery over the period of the next several months.

8.     On June 26, 2019, Plaintiff was informed by Mayor Craig that he had been asked by several Council members to place an executive session on the July 2 Council agenda. He stated that this executive session would be to discuss Plaintiff's employment and he read the exact language to place on the agenda. The mayor also stated that there was to be an action item to consider the City Manager's contract at the conclusion of the Executive Session. This was one week after Plaintiff informed the City Council of his cancer diagnosis.

9.     Plaintiff was terminated by the Mt. Pleasant City Council on July 2, 2019 without providing

any legitimate, non-discriminatory reason. Plaintiff had received no notice of any disciplinary action against him prior to his termination.

## IV.   CAUSE OF ACTION

### AMERICANS WITH DISABILITIES ACT

10.   Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 9 as if fully stated herein.

11.   From the time of Plaintiff's cancer diagnosis, Plaintiff has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. § 12102(2).  More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities, has a record of such an impairment, and/or was regarded by the City of Mt. Pleasant as having such an impairment.

12.   Plaintiff is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8).  More specifically, Plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of his job as the City Manager of the City of Mt. Pleasant.

13.   The City of Mt. Pleasant terminated Plaintiff from the position of City Manager because of his actual or perceived disability in violation of the ADA.

14.   The effect of these unlawful practices has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect his employment status as an individual with a disability within the meaning of the ADA.

15.   The unlawful employment practices complained of above were willful within the meaning of Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1), as incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

16.   The unlawful employment practices described above were intentional and were committed

with malice or with reckless indifference to the federally protected civil rights of Plaintiff.

## V. DAMAGES

17. As a direct and proximate result of the City of Mt. Pleasant's discrimination on the basis of disability and violation of the ADA Plaintiff has suffered lost wages and benefits and lost employment opportunities.

18. Defendant's denial of employment to Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

19. Plaintiff has suffered extreme emotional distress, embarrassment, severe disappointment, indignation, shame, despair, and public humiliation due to Defendant's discharge of Plaintiff.

20. Plaintiff is entitled to recover his reasonable and necessary attorney's fees pursuant to 42 U.S.C. § 2000e.

## VI. JURY DEMAND

21. Plaintiff requests trial by jury on all claims.

## VII. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

    a. Judgment against Defendant for Plaintiff's actual damages, including lost wages and benefits (both back pay and front pay), in amount to be determined;

    b. Judgment against Defendant for Plaintiff's compensatory damages in an amount to be determined;

    c. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

    d. Costs of suit, including attorney's fees;

    e. The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

                Respectfully submitted,

                /s/ *William S. Hommel, Jr.*
                William S. Hommel, Jr.
                State Bar No. 09934250
                Hommel Law Firm
                5620 Old Bullard Road, Suite 115
                Tyler, Texas 75703
                903-596-7100
                469-533-1618 Facsimile

                ATTORNEY FOR PLAINTIFF